**SIGNED.**



Dated: October 07, 2008

_____
**JAMES M. MARLAR
U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SHERRIE L. STEWART and ROBERT C. STEWART,<br><br>Debtors. | Chapter 13<br><br>No. 4:05-bk-07881-JMM<br><br>**MEMORANDUM DECISION RE: DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 6** |

The Debtors have filed an Objection to Proof of Claim No. 6 which attempts to avoid the secured creditor's lien held by Countrywide Home Loans on their real property residence (Dkt. #123). No adversary proceeding has been filed by which the amount, validity or priority of this lien is challenged. (FED. R. BANKR. P. 7001.)

Nor have the Debtors set forth a valid legal reason to challenge the lien, as the statute mandates that mortgage liens on real property residences may not be modified. (11 U.S.C. § 1322(b)(2).) In addition, the Debtor has apparently challenged only the sum of $92,380.81, which is described in the Proof of Claim as the "Total Reinstatement" amount. The claim itself is for $282,958.09. It is unclear whether the Debtors believe that they also have issues with regard to the note, deed of trust and outstanding balance claimed by Countrywide Home Loans.

Moreover, the Debtors have not presented any proof to support an assertion that the real property has no value below that of this lienholder's interest (11 U.S.C. § 506.), which would

render Countrywide Home Loans' lien wholly unsecured. *See Nobleman v. American Sav. Bank*, 113 S.Ct. 2106 (1993).

If the Debtors seek to strip off a validly recorded lien, they must do so in the context of an adversary proceeding, with adequate safeguards for service, and a meaningful opportunity for hearing. In the instant case, service was not effected upon an individual or statutory agent, but only upon the corporate entity at a drop location or upon the attorneys who filed the Countrywide Home Loans Proof of Claim. This is not adequate. *See* FED. R. CIV. P. 4(m).

Countrywide Home Loans filed a secured claim for $282,958.09, with an indication that $92,380.81 of that amount was what was necessary to reinstate. (Claim No. 6.) It supported it with an accounting, as well as a deed of trust signed by the William C. Hopkins and Betty G. Hopkins (by her attorney in fact, Sherrie L. Stewart).

A chapter 13 plan has been confirmed (Dkt. #105). The Debtors have shown no legal basis, supported by facts, by which this court can deprive a secured creditor of its lawful lien. Should the Debtors seek to do so in the future, they must file an adversary proceeding upon this creditor, with a showing of proper service upon its statutory agent or an officer or managing partner.

The current pleadings do not meet the tests for procedural due process. An order denying the Debtors' Objection to Proof of Claim No. 6 will therefore be entered.

Should the Debtors wish to try again, they must employ appropriate procedural safeguards. *See* FED. R. CIV. P. 4.

DATED AND SIGNED ABOVE.

1  COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:
2
3  Eric Slocum Sparks
   Attorney for Debtors
4  Countrywide Home Loans
   P.O. Box 10219
5  Van Nuys, CA  91410-0219
6  Jeremy Bergstrom
   Attorney for Countrywide
7
   Dianne C. Kerns
8  Trustee
9  Office of the U.S. Trustee

SIGNED